IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael B. Carothers, ) | C/A 2:14cv1252-DCN-WWD |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Warden FPD Edgefield; Federal Bureau ) | |
| of Prisons, DSCC, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

The Petitioner, Michael B. Carothers ("Petitioner"), # 16591-171, proceeding *pro se*, originally filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 7, 2014. (Dkt. 1). The Respondent filed a motion to dismiss or in the alternative a motion for summary judgment on July 7, 2014, along with supporting memorandum and exhibits. (Dkt. 15). The undersigned issued an order filed July 8, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the motion and the possible consequences if he failed to respond adequately. (Dkt. 16). Petitioner filed a response in opposition to Respondent's motion on August 7, 2014, as well as a motion to substitute the Respondent. (Dkt. 18). Respondent filed a reply to the Petitioner's opposition to the motion for summary judgment on August 7, 2014, and indicated that there was no opposition to substituting the Respondent. (Doc.19). Hence it appears that consideration of the motions is appropriate.

This case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Therefore, this report and recommendation is entered for review by the

1

district judge.

The Petitioner was sentenced on April 1, 2009, by this court to a ninety-two (92) month term of incarceration with five (5) years of Supervision for Conspiracy to Possess with Intent to Distribute, and to Distribute 500 Grams or More of Cocaine and 50 Grams or More of Crack Cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) & (b)(1)(B).  When he filed this Petition he was incarcerated at the Federal Correctional Institution (FCI) in Edgefield, South Carolina, but has since been transferred back to the Federal facility in Brucetown Mills, West Virginia.[1]  He has a projected release date of February 10, 2016, via Good Conduct Time (GCT) release.

In his Petition, the Petitioner challenges the Bureau of Prison's (BOP) determination that he is not eligible for the early release provision set forth under the Residential Drug Abuse Program (RDAP) in 18 U.S.C. § 3621(e)(2)(B) .  Specifically, he argues that (1) the Drug Abuse Program Coordinator (DSCC) erred in precluding him because of a 1986 "misdemeanor offense of simple assault" which "lost its statute of limitations"; and (2) the Bureau's denial is arbitrary, capricious, and biased, as the Bureau violated its own policy by classifying a prior conviction over 15 years old as a crime of violence.  As relief, the Petitioner prays the Court issue a Writ and/or "issue a judgment that would grant him relief under § 3621(e)(2)(B) Early Eligibility release."  It is undisputed that the Petitoner has exhausted his administrative remedies and jurisdiction is proper.

---

[1] The Clerk should substitute the Warden of the Federal Correctional Complex, Hazelton, in Bruceton Mills, West Virginia, for the Warden of FCI Edgefield, South Carolina, as the Petitioner notified the court that he had since been redesignated to that prison.  Furthermore, the Federal Bureau of Prisons DSCC is not a proper party, and should be dismissed. The only proper respondent in a habeas petition is the "person having custody of the person detained". Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004).

SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, "[t]he opposing party must demonstrate that a triable issue of fact exists; [the opposing party] may not rest upon mere allegations or denials." Wilkins v. Montgomery, 751 F.3d 214, 220 (4th Cir. 2014) (quoting Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994)).

FACTS

On November 7, 2012, the RDAP staff at FCC Hazelton interviewed the Petitioner to evaluate his eligibility to participate in the RDAP. (Motion Doc. 15, Exhibit #2, ¶6).  On December 12, 2012, the DSCC Paralegal Specialist, Lori Cruz, completed the required offense review for the Petitioner. (Exhibit #1, ¶5, and Exhibit #2, ¶7).  In addition to his current cocaine conviction, Carothers' Presentence Investigation Report (PSR) indicated that he was convicted on October 9, 1986, of Aggravated Assault and Battery in York, South Carolina, General Sessions Court (Exhibit #2, ¶6 & 7) . Cruz determined that Carothers is precluded from receiving § 3621(e) early release due to this prior conviction for Aggravated Assault and Battery. (Id., ¶11-12, and Attachment B).  On December 13, 2012, Assistant General Counsel Robert Martinez reviewed and approved the offense review form and agreed with the conclusion that Carothers' prior conviction for

3

Aggravated Assault and Battery precluded early release eligibility pursuant to 28 C.F.R. § 550.55(b)(4)(iv). (Exhibit #1 ¶13, and Attachment B).

On April 10, 2013,. Carothers transferred to FCI Edgefield. (Id., ¶4, and Exhibit #2, ¶5). Although Carothers was not eligible for the early release benefit, he still remained eligible for the RDAP and received the treatment benefits at FCI Edgefield. (Exhibit #2, ¶8). Carothers started the RDAP on June 24, 2013, and completed the program on April 4, 2014. Since completion of the RDAP, Carothers has participated in the required follow-up treatment.

## DISCUSSION

Congress has provided that eligible federal inmates must be afforded appropriate substance abuse treatment. "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). In 1994, as part of the Violent Crime Control and Law Enforcement Act ("VCCLEA"), Pub. L. 103-322, § 32001 (1994), Congress amended the statute to require that the BOP shall provide residential substance abuse treatment for all eligible prisoners. 18 U.S.C. § 3621(e)(1)(C). The incentive for prisoners to enroll in the BOP's intensive nine-month residential treatment program – as opposed to its various non-residential drug treatment options – is a reduction in sentence of up to one year. See 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.").

The BOP offers the RDAP for inmates who volunteer for treatment, and who have been determined by clinical staff to have a diagnosable and verifiable substance use disorder. To successfully complete the RDAP, inmates must complete a minimum 500 hours unit-based component, follow-up services, and a transitional drug abuse treatment component (TDAT). <u>See</u> 28 C.F.R. § 550.53, and Program Statement (PS) 5330.11, Psychology Treatment Programs. When an inmate successfully completes the RDAP, the BOP may reduce the period an inmate remains in custody by a maximum of one year. <u>See</u> 18 U.S.C. § 3621(e).

Pursuant to Early Release Procedures under 18 U.S.C.§ 3621(e), Section 7.b, the DAPC will request an offense review from DSCC legal staff after he or she determines the inmate qualifies for participation in the RDAP. (Exhibit #1, Attachment C: Program Statement 5331.02, pp. 5-6). The DSCC legal staff completes the offense review in accordance with §550.55(c) and Program Statement 5162.05, Categorization of Offenses. (Exhibit #1, Attachment D: Program Statement 5162.05, pgs. 1-13). DSCC legal staff determines whether an inmate is precluded from receiving early release after reviewing the inmate's Judgment and Commitment File, which includes the Judgment and Commitment Order, Statement of Reasons (SOR), Pre-Sentence Investigation Report (PSR), and any other sentencing documentation that may be relevant.

Under 28 C.F.R. § 550.55(b)(5), the BOP may preclude an inmate from receiving early release if that inmate has a current felony conviction for:

> (i) an offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another,
>
> (ii) an offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or

5

explosive device),

(iii) an offense that by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or

(iv) an offense that by its nature or conduct involves sexual abuse offenses committed upon minors.

The Petitioner's current offense conviction does not preclude him from the early release benefit, as it does not meet any of the criteria identified in 28 C.F.R. § 550.55(b)(5) or (b)(6).

The BOP may also preclude an inmate from receiving early release if that inmate has a prior felony or misdemeanor conviction for:

- (i) Homicide (including deaths caused by recklessness, but not including deaths caused by negligence or justifiable homicide),

- (ii) Forcible rape,

- (iii) Robbery,

- (iv) Aggravated assault,

- (v) Arson,

- (vi) Kidnaping, or

- (vii) An offense that by its nature or conduct involves sexual abuse offenses committed upon minors.

28 C.F.R. § 550.55(b)(4).

Critically, as mentioned, the Petitioner's PSR indicates that on October 9, 1986, he was convicted of Aggravated Assault and Battery in York, South Carolina, General Sessions Court.

The Petitioner first argues that the BOP improperly found him ineligible for

6

§ 3621(e) early release based on the age of his conviction of Aggravated Assault and Battery from 1986. (Doc. No. 18, p. 2, 19).  He states that "Program Statement (PS) 5162, Categorization of Offenses, which is done in accordance with PS 5100.08", provides that "any offense not within the (15) year applicability shall not be utilized to categorize petitioner." (Doc. 18).

The Petitioner's reliance on PS 5100.08 is misplaced. PS 5100.08, Inmate Security Designation and Custody Classification, "provides policy and procedure regarding the Bureau of Prisons inmate classification system . . . [which is] necessary to place each inmate in the most appropriate security level institution that also meets their program needs and is consistent with the Bureau's mission to protect society."  PS 5100.08, p. 1.1.  Pursuant to PS 5100.08, classification points are assigned to determine an inmate's housing assignment, security level, and programing needs during their incarceration with the BOP. (Id.)  Nevertheless, classification points are irrelevant to  the review process for early release eligibility. (Doc. No. 15, p. 7-10).  28 C.F.R. § 550.55, Eligibility for Early Release, which is utilized by the DSCC staff to determine whether an inmate is eligible for the early release program under 18 U.S.C. § 3621(e), simply has no provision relating to the age of an inmate's prior convictions. (ECF No. 15, p. 7-11).  Therefore, the Petitioner's claim that his conviction from 1986 should not be considered for early release eligibility has no merit and should be denied.

Petitioner next claims that BOP staff erred by finding that he had a current felony conviction under 28 C.F.R. § 550.55(b)(5).  As noted, however, as mentioned, the Petitioner's current offense conviction does not preclude him from the early release

7

benefit, as it does not meet any of the criteria identified in 28 C.F.R. § 550.55(b)(5) or (b)(6). (ECF No. 15, p. 7). He is precluded from early release eligibility under 28 C.F.R. § 550.55(b)(4)(iv), due to his prior conviction of Aggravated Assault and Battery. This claim has no merit and should be dismissed as well.

The Petitioner's final argument, that the BOP's consideration of his 1986 conviction of Aggravated Assault and Battery for early release eligibility violates public policy and South Carolina's Statutes of Repose, is similarly unavailing. South Carolina public policy and Statutes of Repose have no bearing on whether a federal inmate is eligible for the early release program under 18 U.S.C. §3621(e). (Doc. 15, pgs 7-10). He is not entitled to relief on this claim.

## CONCLUSION

Accordingly for the aforementioned reasons, it is RECOMMENDED that the Clerk be directed to substitute the Warden of the Federal Correctional Complex, Hazelton, in Bruceton Mills, West Virginia, for the Warden of FCI Edgefield, South Carolina, and the Federal Bureau of Prisons DSCC be dismissed. Respondent's Motion for Summary Judgment (Dkt. No. 15) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[2]

---

[2] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention
    complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack

**IT IS SO RECOMMENDED.**

*[signature]*
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

October 7, 2014
Charleston, South Carolina

---

v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).